IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT CALVIN ABNEY, #282949, ) | |
| ) | |
| ) | |
| v.                              ) | CASE NO. 3:15-CV-616-WKW |
| ) | (WO) |
| ) | |
| SID LOCKHART, et al.,           ) | |
| ) | |
| Defendants.               ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Robert Calvin Abney ("Abney") challenges the time within which he was provided a bond hearing after his arrest pursuant to a warrant issued *sua sponte* by the Circuit Court of Chambers County, Alabama. *Complaint - Doc. No. 1* at 1. The arrest warrant issued on December 13, 2013, upon Abney's failure to appear on various criminal charges in violation of the conditions of his release on a bond previously set by the court, a bond which the court likewise revoked. Abney names Sid Lockhart, the Sheriff of Chambers County, and Clay Stewart, the Jail Administrator for the Chambers County Detention Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and state court records, in which they address the claim for relief presented by Abney. The report and evidentiary materials refute the conclusory allegations presented by Abney regarding an alleged violation of his

constitutional rights by the defendants. Specifically, the defendants maintain that they had no authority to set bond for Abney or schedule an appearance before the trial court. They further argue that Abney received the requisite hearing on the pending criminal charges upon his initial arrest on these charges and, therefore, an additional hearing was not necessary after the revocation of his bond and subsequent arrest for failure to appear on such charges.

In light of the foregoing, the court issued an order directing Abney to file a response to the defendants' written report. *Order of November 13, 2015 - Doc. No. 20*. The order advised Abney that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Abney for filing a response in compliance with the directives of this order has expired. As of the present date, Abney has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Abney is an indigent individual. Thus, the imposition

of monetary or other punitive sanctions against him would be ineffectual. Additionally, Abney's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that they were not responsible for the action about which Abney complains. It therefore appears that any additional effort by this court to secure Abney's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court. It is further

ORDERED that on or before February 5, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 22nd day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE